19 F.3d 39
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
SANTA FE ENGINEERS, INC., Appellant,
v.
Admiral Frank B. KELSO, Acting Secretary of the Navy, Appellee.
 Nos. 92-1378, 93-1012, 93-1096, 93-1098, 93-1106 and 93-1265.
 United States Court of Appeals, Federal Circuit.
 Feb. 8, 1994.
 
 Before NEWMAN, CLEVENGER, and RADER, Circuit Judges.
 DECISION
 RADER, Circuit Judge.
 
 
 1
 The Department of the Navy awarded Santa Fe Engineers fixed price contract number N62474-75-C-6276 to build a hospital and support facilities in Bremerton, Washington. From this contract, Santa Fe has appealed six decisions of the Armed Services Board of Contract Appeals denying appeals from final decisions of the Navy's contracting officer. ASBCA No. 24469, 92-1 B.C.A. (CCH) p 24,665 (1991); ASBCA No. 24844, 92-3 B.C.A. (CCH) p 25,166 (1992); ASBCA No. 44863, 93-1 B.C.A. (CCH) p 25,297 (1992); ASBCA No. 44906, 93-1 B.C.A. (CCH) p 25,298 (1992); ASBCA No. 44941, 93-1 B.C.A. (CCH) p 25,322 (1992); ASBCA No. 45228, 93-1 B.C.A. (CCH) p 25,555 (1992). Because the Board correctly construed Santa Fe's contract, this court affirms.
 
 OPINION
 
 2
 Santa Fe's six appeals seek five equitable adjustments in the contract price and one contract price reduction. These six appeals comprise a small portion of Santa Fe's claims on this contract currently before the Board. In addition to many direct cost claims, Santa Fe has also filed an overall claim for cumulative delay and inefficiency with the Board.
 
 
 3
 Exercising its discretion to decide case disposition priorities, the Board elected to decide Santa Fe's individual cost claims before addressing the cumulative impact claim. The appeal-by-appeal disposition method, a proper exercise of the Board's discretion, has not prejudiced Santa Fe's important claim dealing with overall delay and inefficiency. Santa Fe now enjoys a full opportunity to present its individual claims before the Contracting Officer and the Board. Nothing in the consideration of the individual claims prejudices Santa Fe's opportunity to present its cumulative impact claim.
 
 
 4
 To decide whether the individual claims caused a cumulative delay, the Board must first determine the merits of each individual claim. The Board must determine whether the individual claims caused delays or inefficiencies contributing to a cumulative impact. Thus, to decide the cumulative impact claim, the Board must evaluate each individual claim underlying the cumulative allegation. Therefore, Santa Fe has incurred no prejudice from the Board's discretionary choice to address the claims in this order.
 
 
 5
 Legal determinations of the Board are not final or conclusive. 41 U.S.C. Sec. 609(b) (1988). This court reviews contract interpretation de novo. B.D. Click Co. v. United States, 614 F.2d 748, 752 (Ct.Cl.1980). Most of Santa Fe's claims involve interpretation of contract drawings and specifications. In reviewing Santa Fe's claims that these were defective design specifications, however, this court finds no errors in the Board's interpretation of these provisions.
 
 
 6
 For example, Santa Fe contends in its structural steel claim that dimensions omitted from the contract drawings rendered the drawings defective. The Board reviewed the web penetration drawings. According to the Board, the drawings showed the general but not the exact locations of the mechanical penetrations along the lengths of the beams. Santa Fe presented uncontradicted evidence from the structural steel subcontractor's project manager that the Government customarily provides these details. Thus, Santa Fe argues that the Government had a duty to provide these details.
 
 
 7
 The omitted dimensions, however, were performance requirements giving Santa Fe discretion in placing the penetrations. J.L. Simmons Co. v. United States, 412 F.2d 1360 (Ct.Cl.1969) set forth the crucial difference between design and performance specifications:
 
 
 8
 [I]n [design] specifications, the defendant set forth in precise detail the materials to be employed and the manner in which the work was to be performed, and plaintiff was not privileged to deviate therefrom, but was required to follow them as one would a road map. In contrast, typical "performance" type specifications set forth an objective or standard to be achieved, and the successful bidder is expected to exercise his ingenuity in achieving that objective or standard of performance, selecting the means and assuming a corresponding responsibility for that selection.
 
 
 9
 Id. at 1362. The Board correctly construed the structural steel requirements as performance specifications. Santa Fe's contract contains over 500 similar omissions. If these omissions were not performance specifications, the sheer number of unspecific specifications should have compelled the contractor to inquire before bidding. Fortec Constructors v. United States, 760 F.2d 1288, 1291 (Fed.Cir.1985).
 
 
 10
 Santa Fe also claims that the contract electrical drawings did not depict six flush-mounted clocks in two fourth floor scrub rooms. The architectural drawings, however, clearly depicted the clocks. Due to the omission of these clocks from the electrical drawings, the Navy compensated Santa Fe for the provision of electrical power to the clocks, but not for their purchase or installation. The Board denied Santa Fe's claim because it failed to show reliance on the drawings and because the contract--read as a whole--includes both sets of drawings. The Board committed no reversible error in its interpretation of the contracts with respect to the flush-mounted clocks.
 
 CONCLUSION
 
 11
 This court considered fully each of Santa Fe's six claims on appeal from the Board. Santa Fe presented no evidence sufficient to warrant overturning any of the decisions of the Board. Moreover, this court sustains the Board's discretion to decide the individual claims in advance of the cumulative impact claim. Therefore, this court affirms.
 
 COSTS
 
 12
 Each party to bear its own costs.